UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SORIA,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LENINGER,<br><br>    Defendant. | No.  2:20-cv-1741 AC P<br><br><br>ORDER |

**I.      Introduction**

    Plaintiff Manuel Soria is a state prisoner incarcerated in Mule Creek State Prison (MCSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915.  The complaint challenges the alleged conduct of sole defendant D. Leninger.

    This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the undersigned: (1) grants plaintiff's request to proceed in forma pauperis; (2) finds that the complaint does not state a cognizable claim as framed, and (3) grants plaintiff leave to file a First Amended Complaint.

////

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that together make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 6. Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action with periodic deductions from his prison trust account. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Preliminary Screening of Plaintiff's Complaint

### A. Legal Standards for Screening Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

"[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal at 679 (citation omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. The Complaint

Plaintiff makes the following allegations against sole defendant Correctional Officer D. Leninger.  See ECF No. 1 at 3.  On August 12, 2020, Leninger aggressively asked plaintiff what he said to defendant's porter, then kicked plaintiff's "wheelchair walker and broke the basket loose."  Id.  "Moments later," while plaintiff was walking to a medical appointment, Leninger hurried to cut plaintiff off, pressed himself against plaintiff and shouted "inches from his face," "come on fucker let's do this."  Id.  Plaintiff grabbed his walker and moved on.  Defendant said, "Yea you better get the fuck on."  Id.  Plaintiff asked, "So are you threatening me?" and Leninger responded, "Yea I have this green suit and there is nothing you can do."  Id.  Two days previous, Leninger had refused to allow plaintiff to obtain assistance in filling out a medical request form, which plaintiff requires due to his learning disability.

Plaintiff alleges that Leninger's conduct on these occasions and "the amount of pressure C/O Leninger wields daily" causes plaintiff persistent stress and anxiety, eye twitching and severe throbbing pain in his legs and back.  Plaintiff asserts claims for excessive force under the Eighth Amendment, violation of the Americans with Disabilities Act, and a state law claim for elder abuse.  Id. at 3-4.  Plaintiff seeks $50,000 in damages and "mental and physical medical maintenance."  Id. at 6.

### C. Failure to State a Claim

For the reasons that follow, the complaint before the court does not state a claim for relief and service is therefore not appropriate.  Rather than recommending dismissal at this time, however, the undersigned will give plaintiff the opportunity to file an amended complaint.

3

1 **1. Excessive Force**

2 "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

3 restraints on prison officials, who may not . . . use excessive physical force against prisoners."

4 Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

5 "[W]henever prison officials stand accused of using excessive physical force in violation of the

6 [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith

7 effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson,

8 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

9 "The extent of injury may ... provide some indication of the amount of force applied....

10 [N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins

11 v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 9). "The Eighth Amendment's

12 prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional

13 recognition de minimis uses of physical force, provided that the use of force is not of a sort

14 repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that

15 causes no discernible injury almost certainly fails to state a valid excessive force claim. [¶] Injury

16 and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."

17 Wilkins, 559 U.S. at 37-8 (citations and internal quotation marks omitted).

18 Here plaintiff alleges that defendant Leninger acted in a physically and verbally

19 intimidating and threatening manner, pushing against plaintiff, shouting at him and damaging his

20 walker.[1] Verbal threats and harassment are generally insufficient to support an Eighth

21 Amendment claim. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), as amended upon

22 denial of rehearing, by 135 F.3d 1318 (9th Cir. 1998) ("disrespectful and assaultive comments"

23 by prison guards did not support Eighth Amendment claim because, in part, plaintiff did not

---

[1] Plaintiff cannot, and does not appear to, pursue a civil rights claim premised on the damage to his walker. The unauthorized deprivation of property by a prison official does not state a claim under Section 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) (citing Cal. Govt. Code §§ 810–95). Where appropriate, a California prisoner may pursue a state tort action after he has complied with the claim requirements of the State Board of Control. Barnett, 31 F.3d at 816-17.

present evidence that the comments "were calculated to and did cause him psychological damage") (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (rejecting claim based on correctional supervisor's allegedly excessive vulgar language)); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threat of bodily harm to dissuade prisoner from pursuing legal redress did not state a cause of action under Section 1983 despite valid Eighth Amendment claims premised on his physical beating).

However, "acts [that] amount to wanton infliction of psychological torture [are] redressable under 42 U.S.C. § 1983." Grant v. Foye, 981 F.2d 1258 at *2 (Nos. 91-55198, 91-55202) (9th Cir. Dec. 16, 1992) (reversing dismissal of claim on, inter alia, absolute immunity grounds, based on allegations that police officers pulled trigger of gun without firing a shot while holding the gun to nonprisoner plaintiffs' heads); accord Parker v. Asher, 701 F. Supp. 192, 194 (D. Nev. 1988) ("[G]uards cannot aim their taser guns at inmates for the malicious purpose of inflicting gratuitous fear. Allegations of such sadistic conduct state a cognizable claim of cruel and unusual punishment."). "[A] threat of deadly force made merely to inflict gratuitous fear and punishment when the party has both the opportunity to carry out the threat and evidences the intent to do so may state a cognizable claim under the Eighth and Fourteenth Amendments." Abram v. Rackley, 2016 WL 6038172, at *2, 2016 U.S. Dist. LEXIS 142748 (E.D. Cal. Oct. 14, 2016) (Case No. 2:16-cv-2004 MCE KJN P) (citations omitted). The allegations here do not involve credible death threats or similarly sadistic conduct.

Plaintiff's allegations do not support an excessive force claim because Leninger's use of force against plaintiff was de minimis, limited to pressing his body against plaintiff's without causing physical injury. Nor is the totality of defendant's alleged conduct sufficiently wanton to support an Eighth Amendment cruel or unusual punishment claim.

Moreover, prisoners may not obtain compensatory damages premised on the alleged use of excessive force that caused only mental or emotional injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior

5

showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (fn. omitted).  It does not appear that physical manifestations of stress meet this requirement.

Nevertheless, if there are additional pertinent allegations that may support an Eighth Amendment claim under these standards, plaintiff may attempt to do so in an amended complaint.

### 2.     **Americans with Disabilities Act**

Plaintiff relies on the same factual allegations to summarily assert a violation of his rights under the Americans with Disabilities Act (ADA).  See ECF No. 1 at 4.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability, 42 U.S.C. § 42 U.S.C. § 12131 et seq. "The ADA broadly 'defines "public entity" as "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government."' Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997) (quoting 42 U.S.C. § 12131(1))." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).  "Hence, the ADA applies to state prisons." Id. (citing, inter alia, Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 209 (1998)).

To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege four elements: "1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (citations and internal quotation marks omitted); accord, Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

Plaintiff does not allege that he was excluded from participation in, or denied the benefits of, services, programs, or activities offered by MCSP and/or CDCR.  Plaintiff's allegation that defendant denied him assistance to complete a Medical Form 7362, despite plaintiff's learning

6

1  disability, does not state an ADA Title II claim because such claims require an institutional – not
2  individual – defendant.  Nevertheless, in light of plaintiff's alleged disabilities and subject to the
3  legal standards set forth above, plaintiff may attempt to state an ADA in an amended complaint
4  that is premised on the same general set of factual allegations.

### 3. State Law Claim for Elder Abuse

6  Plaintiff relies on the same factual allegations to assert a claim for elder abuse.  See ECF
7  No. 1 at 3, 4.  State law civil suits are authorized under California's Elder Abuse and Dependent
8  Adult Civil Protection Act, Cal. Welf. & Inst. Code §§ 15610 et seq.[2]  However, several problems
9  beset plaintiff's putative state law claim, including his failure to identify whether he qualifies for
10 protection under the Act based on his age or as a dependent adult due to his physical or mental
11 limitations.  See id. § 15610.27 (defining "elder" as any person residing in this state aged 65 years
12 or older); id. § 15610.23 (defining "dependent adult" as "any person between the ages of 18 and
13 64 years who resides in this state and who has physical or mental limitations that restrict his or
14 her ability to carry out normal activities or to protect his or her rights, including, but not limited
15 to, persons who have physical or developmental disabilities, or whose physical or mental abilities
16 have diminished because of age.").  Under the Act, "abuse" is defined as "[p]hysical abuse,
17 neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting
18 physical harm or pain or mental suffering." id. § 15610.07(a)(1); "[t]he deprivation by a care
19 custodian of goods or services that are necessary to avoid physical harm or mental suffering," id.
20 § 15610.07(a)(2); and "[f]inancial abuse," id. § 15610.07(a)(3).

21 Plaintiff's current allegations do not state a cognizable claim under these standards.  Even
22 if plaintiff's allegations reflected these elements, his complaint does not demonstrate compliance
23 with the requirements of the California Tort Claims Act (CTCA) (also known as the Government
24 Claims Act).  Under the CTCA, no action for damages may be commenced against a public
25 employee or entity unless a written claim was timely presented (within six months after the

---

[2] The California Penal Code also protects elders from abuse, see Cal. Penal Code § 368, but individuals do not have standing to bring suit for a violation of criminal law.  See e.g. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

1 challenged incident) and acted upon before filing suit.  See e.g. Cal. Govt. Code §§ 905, 945.4,
2 950.2.  The resulting suit must "allege facts demonstrating or excusing compliance with the claim
3 presentation requirements" or the state law claim is subject to dismissal.  State of California v.
4 Superior Court (Bodde) (2004) 32 Cal. 4th 1234, 1239.  "The requirement that a plaintiff must
5 affirmatively allege compliance with the CTCA applies in federal court."  Butler v. Los Angeles
6 County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

7 Subject to these requirements, plaintiff may attempt to state a cognizable state law claim
8 under California's Elder Abuse Act in an amended complaint.

### IV.     Leave to File First Amended Complaint

Plaintiff will be granted leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order.  A FAC must be complete in itself without reference to any prior pleading; each claim and the involvement of each defendant must be sufficiently alleged.  See Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  A FAC must identify each defendant, the challenged conduct of each defendant, and describe how the challenged conduct deprived plaintiff of his rights.  A FAC must be on the form complaint provided with this order, labeled "First Amended Complaint," and provide the same case number reflected on this order.  The FAC must be complete in itself without reference to the original complaint.  See Local Rule 15-220.

Plaintiff is informed that Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law.  See 42 U.S.C. § 1983.  "Persons" under Section 1983 do not include a state or its entities, or state employees acting in their official capacities.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars damages action against a state and its entities in federal court).  Therefore, to state a cognizable civil rights claim under Section 1983, a plaintiff must allege: (1) the violation of a specific federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  A plaintiff must allege facts showing each defendant's personal involvement in the alleged violation.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  Officials cannot be

1  sued on a respondeat theory they are liable for the conduct of their subordinates.  Ashcroft v.
2  Iqbal, 556 U.S. 662, 679 (2009).  Rather, a supervisor may be held liable for the acts of his or her
3  subordinates only if the supervisor participated in or directed the violations, or knew of the
4  violations of subordinates and failed to act to prevent them.  See Corales v. Bennett, 567 F.3d
5  554, 570 (9th Cir. 2009) (citations and internal quotation marks omitted).

6  Claims must allege an actual connection or link between the challenged conduct of
7  specifically identified, individual, defendants and the violation of plaintiff's rights.  See Monell v.
8  Department of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the
9  deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,
10 participates in another's affirmative acts or omits to perform an act which he is legally required to
11 do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743
12 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into
13 causation must be individualized and focus on the duties and responsibilities of each individual
14 defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").
15 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
16 connection between a specific defendant's actions and the claimed deprivation.  Rizzo v. Goode,
17 423 U.S. 362, 371 (1976).  Vague and conclusory allegations of official participation in civil
18 rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19 A FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.  Failure to timely
20 file a FAC will result in a recommendation that this action be dismissed without prejudice.

21 **V.      Plain Language Summary for Pro Se Litigant**

22 You have been granted in forma pauperis status and will pay the filing fee in small
23 amounts over time.

24 The court has screened your complaint and found that your allegations do not state claims
25 for relief.  The use of force you describe was minor and caused no physical injury, and so is not
26 enough to count as "excessive force."  The things defendant said and did are offensive but not the
27 kind of things that would have put you in serious fear for life or your safety, so they don't amount
28 to cruel and unusual punishment.  Your elder abuse claim does not include facts showing that you

are covered by the elder abuse law.  Also you have not shown that you filed a claim under the California Tort Claims Act, which you need to do before suing for elder abuse.  Your complaint does not state an ADA claim because you have not identified facts showing that you were excluded from participation in, or denied the benefits of, services, programs, or activities offered by MCSP and/or CDCR.

You are being given the opportunity to file a First Amended Complaint (FAC) that must specifically describe who did what to violate your rights, and how you have been harmed as a result of each defendant's conduct.

If you file a FAC, the court will screen it pursuant to 28 U.S.C. § 1915A.  You do not have to file a FAC.  If you do not file a FAC, this court will recommend that this action be dismissed without prejudice.

### VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint, ECF No. 1, is found not to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein.  Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

////
////
////
////
////

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: October 19, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE