UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SORIA,<br><br>    Plaintiff,<br><br>v.<br><br>D. LENINGER,<br><br>    Defendant. | No. 2:20-cv-1741 AC P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has filed a first amended complaint.

I.    <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4    Franklin, 745 F.2d at 1227-28 (citations omitted).

5        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9    "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
15   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21   content that allows the court to draw the reasonable inference that the defendant is liable for the
22   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27   ////
28   ////

1     II.     First Amended Complaint

2          The first amended complaint alleges that defendant Leninger violated plaintiff's rights under the Eighth Amendment, Americans with Disabilities Act, and state law. ECF No. 11 at 3, 6. Specifically, he alleges that on August 12, 2020, Leninger came to his cell and aggressively told him to "get the fuck on." ECF No. 11 at 3. When plaintiff asked if Leninger was threatening him, defendant responded "I have this green suit and you cannot do nuthing [sic] about it." Id. Leninger then proceeded to kick plaintiff's wheelchair walker and broke the basket loose. Id. Two days prior, defendant also allegedly refused to help plaintiff obtain assistance in filling out a medical request form, which he requires due to a learning disability. Id.

    III.    Failure to State a Claim

         Despite the court advising plaintiff of the information he would need to provide in order to state claims for relief, the allegations of first amended complaint are identical to those contained in the original complaint and provide no additional information. Compare ECF No. 1 at 3 with ECF No. 11 at 3. The first amended complaint therefore fails to state a claim for the same reasons the original failed to state a claim. Those reasons are set forth in the October 20, 2020 screening order, ECF No. 8, which is incorporated here by reference.

    IV.     No Further Leave to Amend

         Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

         The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Because the first amended complaint is essentially identical to the original complaint and does not add any additional facts, the undersigned infers that there are no

additional facts to add and concludes that further leave to amend would be futile.  The complaint should therefore be dismissed without leave to amend.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend because the facts you have alleged do not state a claim for relief and your first amended complaint does not provide any new information.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE